IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH A.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 3:22-cv-110
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Kenneth A., ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 14); the Commissioner's Memorandum in Opposition (ECF No. 16); Plaintiff's Reply (ECF No. 11); and the administrative record as supplemented (ECF Nos. 11, 13). For the reasons that follow, the Commissioner's non-disability determination is **OVERRULED** and this matter is **REMANDED** pursuant to Sentence 4 § 405(g).

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I. BACKGROUND

This is not Plaintiff's first benefits application. Plaintiff apparently filed several applications previously, including one in September 2014. That 2014 application was denied after an unfavorable determination was issued on March 1, 2017, by Administrative Law Judge Eric Anschuetz. It does not appear that Plaintiff sought review of that determination.

Plaintiff protectively filed his instant SSI application on April 8, 2019, alleging that he has been disabled since October 1, 2017. After the instant application was denied administratively at the initial and reconsideration levels, a telephonic hearing was held on November 6, 2020, before Administrative Law Judge Kevin R. Barnes ("the ALJ") who issued an unfavorable determination on December 24, 2020. That unfavorable determination became final when the Appeals Council denied Plaintiff's request for review in March 2022.

Plaintiff seeks judicial review of that final determination. He submits that remand is warranted for several reasons, including that the ALJ erred when assessing findings from the state agency reviewing psychologists. (Pl.'s Statement of Errors 7–10, ECF No. 14.) The Court finds that this contention of error has merit, and thus, does not reach Plaintiff's other contentions of error.[2]

## II. RELEVANT RECORD EVIDENCE[3]

On September 10, 2019, Plaintiff's file was reviewed at the initial level by state agency reviewing psychologist, Juliette Savitscus, Ph.D. (R. 96.) Dr. Savitscus made the following

---

[2] Because the Court finds that remand is required based upon this contention of error, the Court need not resolve Plaintiff's alternative arguments in support of reversal and remand. Nevertheless, on remand, the ALJ may consider them if appropriate.

[3] Discussion of the evidence is limited to those portions of the record bearing directly on Plaintiff's allegation of error.

findings: Plaintiff was limited to routine tasks in a setting with no strict production demands; superficial interactions with others; and work in a setting where duties are relatively static. (R. 94–96.)

On December 30, 2019, Plaintiff's file was reviewed at the reconsideration level by state agency reviewing psychologist Kristen Haskins, Psy.D. (R. 112.) Dr. Haskins generally affirmed Dr. Savitscus' findings with some adjustments. (*Id*.) Specifically, Dr. Haskins found that Plaintiff was limited to work involving routine, short-cycle tasks in a setting with no strict production demands; superficial interactions with others; work within a set routine where major changes were explained in advance and implemented gradually; and work without strict time limitations or production standards. (R. 110–11.)

### III. THE ALJ'S DECISION

The ALJ issued his decision on December 24, 2020, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 10–35.) At step one of the sequential

evaluation process,[4] the ALJ found that Plaintiff had not engaged in substantial gainful activity since his April 8, 2019 application date. (R. 15.) At step two, the ALJ found that Plaintiff had the following severe impairments: Crohn's disease; type II diabetes mellitus; peripheral neuropathy; sleep apnea; congestive heart failure; cardiomyopathy arthropathy; hypothyroidism; obesity; anxiety; recurrent moderate major depressive disorder; an affective disorder; and posttraumatic stress disorder (PTSD). (R. 16.) The ALJ further found at step three that Plaintiff did not have a severe impairment or combination of impairments that met or medically equaled a listed impairment. (*Id.*)

The ALJ then set forth Plaintiff's residual functional capacity[5] ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R.

---

[4] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[5] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

> 416.967(b) except he is limited to no crawling or climbing of ladders, ropes, or scaffolds. He is limited to occasional balancing, stooping, crouching, kneeling, and climbing of ramps and stairs. He should avoid hazardous machinery and unprotected heights. Work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements and involving only simple, work-related decisions with few, if any, workplace changes. The claimant is further limited to only occasional interaction with the public or coworkers with no tandem tasks.

(R. 19.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (R. 29.) At step five, the ALJ relied on testimony from a vocational expert ("VE") to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, including the representative occupations of inspector and hand packager, laundry folder, and housekeeper. (R. 29–30.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from his April 8, 2019 SSI application date through the date of the determination. (R. 30.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## V. ANALYSIS

As previously explained, Plaintiff submits that remand is warranted, in part, because the ALJ erred when assessing findings from the state agency reviewing psychologists. That contention of error has merit.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[6] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).

---

[6] Because Plaintiff's applications were filed in 2019, they are subject to regulations that govern applications filed after March 27, 2017.

With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, when evaluating the persuasiveness of medical opinions and prior administrative findings, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. §§ 404.1520c(b)(2); 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(1); 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(2); 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

7

Here, the ALJ summarized the state agency reviewers' findings as follows:

> The opinions of Drs. Juliette Savitscus and Kristen Haskins, non-examining psychologists with the DDD, are partially persuasive (Exhibits C2A and C4A). Drs. Savitscus and Haskins opined that the claimant had a change in his mental condition (Exhibits C2A and C4A). They opined the claimant had no limitations in understanding, remembering, or applying information with moderate limitations in the remaining "paragraph B" criteria (Exhibits C2A and C4A). Dr. Savitscus opined the claimant was able to sustain routine tasks in a setting where there are no strict production demands, and Dr. Haskins added that the tasks should be short cycle (Exhibits C2A and C4A). They opined the claimant was limited to superficial interaction with others (Exhibits C2A and C4A). Dr. Savitscus opined the claimant retained the ability to work in a setting where duties were relatively static while Dr. Haskins opined major changes should be explained in advance and gradually implemented to allow him time to adjust to new expectations (Exhibits C2A and C4A). Dr. Haskins further noted that the claimant's ability to handle routine stress and pressure would be reduced, but it is nevertheless adequate to handle tasks without strict time limitations or production standards (Exhibit C4A).

(R. 27–28.) The ALJ then assessed those findings as follows:

> I note that the limitation to short cycle, routine tasks is more indicative of a mild limitation in understanding, remembering, or applying information than having no limitation in that domain as opined by Drs. Savitscus and Haskins. Nevertheless, the opinions of Drs. Savitscus and Haskins are somewhat supported by and consistent with the record (Exhibits C1F-C16F). Despite his complaints, the claimant received minimal treatment from a mental healthcare provider during the period under review, suggesting an ability to perform work activity within the limitations opined by Drs. Savitscus and Haskins (Exhibits C1F-C16F). His relatively good functioning on his psychological consultative examination further supports an ability to perform work activity within the limitations opined by Drs. Savitscus and Haskins (Exhibits C1F-C16F). Additionally, his function report reflects minimal complaints of limitations in mental functioning, further indicating that the claimant would be able to perform work activity within the limitations opined by Drs. Savitscus and Haskins (Exhibit C1E). However, I note that the opinions of Drs. Savitscus and Haskins include language that is vague and vocationally undefined, such as "superficial" interaction (Exhibits C2A and C4A). Accordingly, the restrictions in the residual functional capacity had to be adjusted to be in more vocationally relevant terms. Therefore, the opinions of Drs. Savitscus and Haskins are only partially persuasive.

(R. 28.)

As this discussion demonstrates, the ALJ considered the supportability and consistency factors and found them wanting. In particular, the ALJ explained that the state agency

psychological reviewers' findings were only partially persuasive because they found that Plaintiff was limited to "superficial interaction." (*Id*.) The ALJ explained that he did not incorporate that limitation into Plaintiff's RFC because it was vague and undefined and it "had to be adjusted to be in more vocationally relevant terms." (*Id*.) The ALJ then limited Plaintiff to occasional interactions with the public or coworkers. (R. 19.)

That explanation is inadequate. Although the ALJ indicated that term "superficial interaction" is vague and undefined, this Court has concluded that "'superficial interaction' is a well-recognized, work-related limitation." *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-cv-00028, 2020 WL 13572215, at *4 (S.D. Ohio March 13, 2020). *See also Jomo T. v. Comm'r of Soc. Sec.*, No. 3:21-cv-105, 2022 WL 3446342, at *4 (S.D. Ohio Aug. 17, 2022); *William H. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00219, 2022 WL 4591304, at *5 (S.D. Ohio Sept. 30, 2022); *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020), *report and recommendation adopted*, 2020 WL 4334920 (S.D. Ohio July 28, 2020).

Indeed, this Court has often explained that occasional contact goes to *quantity* of interactions, while superficial occasional contact goes to the *quality* of time spent with individuals. *See e.g.*, *William H.*, 2022 WL 4591304, at *5 (explaining that occasional contact goes to the quantity of time spent with individuals, while superficial contact goes to the quality of interactions) (emphasis added); *Hummel*, 2020 WL 13572215, at *4 (same); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (same). For that reason, courts routinely find that limiting the quantity of time spent with an individual does not accommodate a limitation relating to the quality of the interactions— including a limitation to "superficial" interaction. *See*, *e.g.*, *William H.*, 2022 WL 4591304, at *5 ("[T]he ALJ erred by purporting to accommodate the 'superficial' social contact restriction with

9

a limitation to 'occasional' social contact."); *Jason M. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00272, 2022 WL 4591305, at *4 (S.D. Ohio Aug. 17, 2022) ("The ALJ's conclusion that Plaintiff is capable of occasional interactions, without including a limitation that restricts him to superficial interactions, constitutes reversible error."); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Clampit v. Comm'r of Soc. Sec.*, No. 3:20-cv-1014, 2021 WL 3174111, at *2 (N.D. Ohio July 26, 2021) ("By limiting [the plaintiff] to 'occasional interaction' (a quantitative limitation), the ALJ did not account for the state psychiatric consultants' opinion that [the plaintiff] was also limited to 'superficial' interaction (a qualitative limitation).").

To be clear, an ALJ is not required to mirror or parrot medical opinions or prior administrative findings. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But the ALJ's explanation in this matter suggests that he did not consider whether Plaintiff did, in fact, require a limitation to superficial interactions because he failed to appreciate the distinction between occasional and superficial interactions.

The ALJ's explanation is also inadequate because it mischaracterizes Dr. Haskins' findings. The ALJ wrote that Dr. Haskins' limitation to "short cycle, routine tasks" seemed indicative of a mild limitation in understanding, remembering, or applying information, but that Dr. Haskins found that Plaintiff had no limitations in that domain. (R. 28.) True, Dr. Haskins found that Plaintiff had no understanding and memory limitations. (R. 110.) Nevertheless, Dr. Haskins did find that Plaintiff had limitations in his ability to sustain concentration, persistence, or pace, and because of his limits in *that* domain, he was limited to short cycle, routine tasks in a

setting with no strict production quotas. (*Id.*) Thus, Dr. Haskins' findings about Plaintiff's understanding and memory were unrelated to these limits.

Moreover, the ALJ's explanation is inadequate because it fails to indicate why certain finding were omitted. The ALJ found that the record evidence "supports an ability to perform work activity within the limitations opined by Drs. Savitscus and Haskins." (R. 28.) Dr. Haskins, however, found that Plaintiff was limited to work where major changes were explained in advance; where such changes were implemented gradually; and where there were no strict time limitations. (R. 111.) The ALJ did not incorporate into Plaintiff's RFC any of those adaptation limitations. Nor did the ALJ explain why or how they were inconsistent with or unsupported by the record evidence. Again, the ALJ was not required to adopt verbatim these findings from Dr. Haskins. But the ALJ's failure to discuss them requires remand because it prevents the Court from meaningfully reviewing if their omission from Plaintiff's RFC is supported by substantial evidence. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11–cv–95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10–295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16–cv–57, 2017 WL 448617, at *7 (W.D. Wisc. Feb. 2, 2017) ("On remand,

the ALJ must build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment.").

## V. CONCLUSION

In sum, for the reasons set forth above, the Commissioner's non-disability determination is **OVERRULED**, and this matter is **REMANDED** pursuant to Sentence 4 § 405(g).

**IT IS SO ORDERED.**

> /s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE